The next case on for argument is United States v. Seway and Lemire. Good morning, Mr. Wells. Good morning. Thank you for hearing us this morning. I'm not an appellate lawyer. It's my second time here in 42 years. Welcome. I'm due again. It's only Bianco's second time here. So I'm due here again in 2064. I kind of don't even know why I asked for argument. I'm not really here to argue with anybody, not with the court, with Karina. I'm just a CJA lawyer, and I couldn't walk away, not from this sentence. I don't have some esoteric or monumental point of law. I've never seen my own U.S. attorneys present anything that isn't true in the law for an argument. But Tammy doesn't have any other voice than me, and I'm all she's got. So I came to stand here before you in this great court, this powerful court. But when you feel a sentence is substantively or procedurally unreasonable, read here as feeling unfair, given all of the surrounding and attendant facts and circumstances, as greater than necessary to accomplish these goals, functions, and purposes of sentencing, and give a just sentence, I guess that's why I'm here. You stand up and you say so. There are guidelines arguments presented in the brief, but then that's just what they are at the end of the day. They're guidelines arguments. They're advisory only in the end. All of us here were around, I can see, before Mr. Meese's guidelines set into effect, and I asked for a non-guideline sentence. It's not just the outward appearance of a sentence. It is to include upon whom the sentence falls. Tammy's a submissive, docile, compliant, cowering child residing in a morbidly obese, diseased body of nearly 50 years. No strong or resilient will of her own. She'll do whatever I say. If I told her to go to trial, she would have gone to trial. If I told her to plead guilty, she'd plead guilty. She's congenitally unable to do otherwise. The term's not. I would almost suggest that she's not competent. You're not saying that. That was never argued before, right? No. Not that it's not competent, but does go to her will and her intent. Because there's questions about, you know, this went on for a long time, Wells. I mean, there are real victims here, real child victims. Yes, sir. Who are going to bear the consequences of that for a lifetime, clearly. Yes, they are. I mean, this is not just dirty pictures. I mean, this is actual victims. It is. The guidelines were higher, much higher, than the sentence that was imposed, right? Yes. There are. It could go to life, I think I put in my original sentencing memo. But whether you want to hear it or not, I consider her a child as well, and I consider her a victim of who I see as the real monster in this case. Well, he got, I guess, in terms of years, a longer sentence. Hundreds of years. Right. Hundreds of years. But, again, I mean, we weren't there. We haven't seen her as you have and as the district court did. But the district court considered all these arguments and had an opportunity to observe your client, right? I hope so. I hope so. Was there anything that indicates that Judge Mordew did not hear these arguments? No. There was this sense I had that it was like a mathematical thing rather than individualized sentencing. There was this huge thing for the monster, and then the other Tammy got 40 and then we got 30 or something. It felt like a mathematical formula rather than an individualized consideration of all the factors that were present and set forth and surrounding these circumstances. Let me ask you this, Mr. Wells, because I think this is the bottom line issue, and you understand that we're an appellate court. We don't look at what we would have done if we were in the judge's shoes. What we have said is, this is the Caveira case, we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor as explained by the district court can bear the weight assigned to it under the totality of the circumstances. And what the district court judge said when he imposed this sentence, he specifically referenced the victimization, the number of times that your client participated, as Judge Sullivan noted, in victimizing this child, which was over three years, at least 11 occasions, actual sexual abuse of a child between ages 5 and 8. So the bottom line question is, can the weight assigned to that, which was 30 years, can it bear that weight? And that's really the bottom line question, and notwithstanding your client's mitigating issues, which are significant, intellectual disability, medical issues, or personality that you've described, why can't a judge just say the harm was too great, as Judge Sullivan noted, the harm was so great here, notwithstanding your mitigating issues, I think 30 years is necessary to reflect the harm that you've done to this child. Why is that something that the appellate court can't affirm? That's the bottom line. A slight amendation. The way I experienced and presented Tammy, as in my experience with her that she was a victim of Seaway, and who she is, Tammy wasn't the one who could say when it's over. The only one here for the victims, and even for Tammy, who could say when this was over was Seaway. That's the nature of things here. And when you filter that through the idea of substantive unreasonableness, that's why I come to you. Thank you. Thank you. Ms. Schoenberger. May it please the Court. Karina Schoenberger for the United States, and I also prosecuted this case below along with AUSA Lisa Fletcher. Mr. Wells presented essentially an identical argument to the district court. The district court was able to view both Ms. Lemire and also the images and the videos of her abusing V3, the victim in this case. Judge Mordew presided at trial, right? Exactly, Your Honor. And the same evidence that is the basis of the sentence here was also evidence against Mr. Seaway, who went to trial. Mr. Wells didn't touch on the guidelines arguments that he made in his brief, but I would like to because I would encourage the Court to take this opportunity to establish a per se rule that when there is sexual penetration of a prepubescent child, as there was here, that the enhancement for sadistic and violent conduct should be applied. It was applied appropriately here, and it is applied appropriately in every case in which there is a sexual penetration of a child this young. And establishing a rule like that will avoid the type of arguments that we have in the brief here where we're debating the relative circumference of an adult penis or a finger or any type of object that an abuser sees fit to stick into a child. And it was not only the image of Tammy Lemire penetrating the victim here that warranted the application of this enhancement, but also the images of her subjecting the victim to humiliation and mental cruelty, among other things a video of Tammy Lemire ordering the child to perform oral sex on Cliff Seaway. In any event, Tammy cannot carry her burden of establishing plain error here. There's nothing showing that there was any clearly established law at the time of sentencing that would have supported her position. I think we've already covered the substance of the sentence here. The 30-year sentence was far below the guidelines, and it falls easily within the range of permissible decisions of other cases of child exploitation. Among others, the cases cited in the government's brief, Brown, where the defendant received a 60-year sentence, McCoy, where the defendant received an 80-year sentence for child exploitation crimes that were no worse than those, if not less bad, as the conduct of Tammy Lemire in this case. Mr. Seaway's appeal, which is consolidated, this one is on submission, so of course the government will rest on its papers. And unless there are any further questions, I'd ask that Ms. Lemire's sentence be affirmed. Thank you, counsel. Mr. Wells, anything further? I would have given you everything. That's fine. I think we've given you everything that we have and the things that we believe and why we believe them. And thank you again for letting us be heard. Thank you both. We'll reserve decision in this case.